## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BENJAMIN THOMAS IRWIN, and : 
ANGELA MARIE COLASANTI, :
                           :
    Plaintiff, :
                           :                 CIVIL ACTION
    v. :
                           :                 NO. 25-5119
HOLT INTERNATIONAL CHILDREN'S :
SERVICES, INC., :
                           :
    Defendant. :

## ORDER

AND NOW, this 22nd day of July, 2026, upon consideration of Defendant's Motion to Dismiss (ECF No. 9), and Plaintiff's Response in Opposition (ECF No. 17) thereto, and all supporting documents, it is hereby **ORDERED**[1] that:

1. The Clerk of Court is **DIRECTED** to transfer this matter to the appropriate United States District Court with jurisdiction in Lane County, Oregon pursuant to 28 U.S.C. § 1404(a);

2. Defendant's Motion to Dismiss is **DISMISSED AS MOOT**;

3. It is further **ORDERED** that this matter shall be marked **CLOSED**.

**IT IS SO ORDERED**.

                                   BY THE COURT:

                                   /s/ *John Milton Younge*
                                   **JOHN M. YOUNGE, J.**

---

[1] The Federal Arbitration Act ("FAA") reflects the strong federal policy in favor of arbitration and "places arbitration agreements on equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). Pursuant to the FAA, courts "compel arbitration of claims covered by a written, enforceable arbitration agreement." *Bacon v. Avis Budget Grp., Inc.*, 959 F.3d 590, 599 (3d Cir. 2020)

(citing FAA, 9 U.S.C. §§ 3, 4). However, "[a]rbitration is strictly a matter of contract" and is thus governed by state law. *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 441, 444 (3d Cir. 1999). "The federal policy encouraging recourse to arbitration requires federal courts to look first to the relevant state law of contracts, here [Oregon], in deciding whether an arbitration agreement is valid under the FAA." *Spinetti v. Serv. Corp. Int'l*, 324 F.3d 212, 213 (3d Cir. 2003). Accordingly, when deciding whether to compel arbitration under the FAA, the Court must determine "(1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement." *Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015); *see also Trippe Mfg. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005) ("When determining both the existence and the scope of an arbitration agreement, there is a presumption in favor of arbitrability.").

A court reviews a motion to compel arbitration under the Rule 12(b)(6) standard "when it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause." *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 776 (3d Cir. 2013) (internal quotations omitted). Under this standard, the Court accepts as true all factual allegations in the complaint to determine whether those facts would relieve the plaintiff of the arbitration requirement. *Id.*; *see also CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 168 n.2 (3d Cir. 2014) (under the 12(b)(6) standard to a motion to compel arbitration, the court may "consider the substance of the contracts that ostensibly compel arbitration").

Before considering the merits of the parties' arbitration arguments, the Court must first determine if the agreed upon forum selection provision controls because, as our Circuit has consistently held, "district court[s] may not compel arbitration outside the district in which it sits, 9 U.S.C. § 4." *Shaffer v. Graybill*, 68 F. App'x 374, 377 (3d Cir. 2003). Based on the parties' filings before the Court, Defendant contends that the forum selection provision of the contract is valid, enforceable, and binding on the parties in this action. Plaintiff, however, argues that the Court should reject finding that the forum selection provision is valid and enforceable because it is unreasonable and inconvenient. In order to enforce a forum selection clause, it must first be determined that the clause is valid and that the litigation at issue falls within the scope of the clause. Federal law, not state law, is applied to the validity of a forum selection clause in a federal diversity action. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877-878 (3d Cir. 1995). Forum selection clauses are prima facie valid and should be enforced unless enforcement is shown to be unreasonable under the circumstances. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 16-17, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991).

To overcome a presumptively valid forum selection clause, the party objecting to it must make a "strong showing" that the clause is unreasonable by demonstrating: "(1) that it is the result of fraud or overreaching; (2) that enforcement would violate strong public policy of the forum; or (3) that enforcement would ... result in jurisdiction so seriously inconvenient as to be unreasonable." *Moneygram Payment Sys. v. Consorcio Oriental, S.A.*, 65 F. App'x. 844, 846 (3d Cir. 2003). To rise to the level of unreasonableness, the objecting party must show more than "mere inconvenience or additional expense." *Banc Auto, Inc. v. Dealer Servs. Corp.*, No. 08-3017, 2008 WL 4055830, 2008 U.S. Dist. LEXIS 67514 (E.D. Pa. Aug 28, 2008).

Here, the Court finds that the parties agreed upon forum selection provision is valid. The record reflects no evidence of unreasonableness or improper conduct during the contract's formation. Moreover, the forum selection provision is enforceable because the current dispute falls squarely within its scope. Plaintiff has failed to demonstrate that enforcing the forum selection clause is unreasonable. It therefore follows that the Court will uphold the parties' agreement and directs that this action be brought in a court with jurisdiction in Lane County, Oregon. Because this Court cannot compel arbitration outside its own jurisdiction, 9 U.S.C. § 4, this Court cannot rule on the arbitrability of Plaintiff's claims. Instead, after giving the parties a chance to be heard, the Court may either dismiss the case or transfer it to the appropriate district court in Oregon, "where the case will presumably be stayed pending arbitration." *Shaffer*, 68 F. App'x at 377.

Accordingly, the Court will now evaluate whether transferring this matter to a district court in Oregon is appropriate by weighing the relevant public interest factors. An assessment of the private interests under Section 1404(a) is unnecessary because Plaintiff agreed to litigate disputes within the scope of their agreement in Lane County, Oregon. *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. Of Texas*, 571 U.S. 49, 64 (2013) ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for the pursuit of the litigation."). The public interest factors include: enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public polices of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d at 879-80. The Court finds that the public interest factors weigh in favor of transfer to Oregon. Therefore, this matter shall be addressed on the merits in a district court with jurisdiction in Lane County, Oregon pursuant to § 1404(a).